BELLE PATENT BUTTON FASTENER Co. *v.* LUCAS.[1]

SAME *v.* DANIELS.

SAME *v.* BROOKS and others.

*(Circuit Court, D. Massachusetts. July 29, 1886.)*

1. PATENTS FOR INVENTIONS—NO. 247,032, BUTTON FASTENERS.
　　Letters patent No. 247,032, of September 13, 1881, to Farnsworth and Robinson, for a new mode of attaching buttons to garments, and a device for accomplishing the same, sustained, none of the prior patents containing the essential features of this invention, which comprises a malleable tack, passed through the garment, and clinched through the eye of the button by means of a clinching device.

[1]Edited by Charles C. Linthicum, Esq., of the Chicago bar.

2. SAME—INFRINGEMENT.

    A mere change of position of the button, or the fact that the tack is not bent before passing through the eye of the button, not material, nor sufficient to evade infringement of this patent.

3. SAME—JOINT INVENTION.

    Upon the evidence, *held* that it was not shown, with sufficient clearness and certainty to overthrow the patent, that the improvements covered by it were not the joint invention of Farnsworth and Barnes, as stated in the patent

In Equity.

*B. F. Thurston* and *Livermore & Fish*, for complainant.

*Richard K. Evans* and *Benj. N. Johnson*, for defendant.

COLT, J. This bill in equity is brought for infringement of letters patent No. 247,032, issued September 13, 1881, to F. H. Farnsworth and H. S. Robinson, assignee of A. J. Barnes, for the joint invention of Farnsworth and Barnes of a new mode of attaching buttons to garments, and a device for accomplishing the same. The patent describes a method of fastening buttons to garments by passing a malleable tack through the garment, and then clinching the tack through the eye of the button in a pair of forceps, one jaw of which has a groove or recessed lip, by which the point of the tack is turned around so as to clinch upon its shank. The button is held in this jaw in such a position that the tack will be clinched through the eye. The other jaw presses against the head of the tack, and by this means the point of the tack is forced along and beyond the groove in its curved track, until the tack is clinched through the eye of the button. The claims in controversy are as follows:

"(1) The mode herein described of attaching buttons to garments by a single-pointed malleable tack, consisting in passing the shank of the tack through the garment, and then turning or clinching its end through and around the eye of the button by pressing the point against a clinching portion of the device, which holds the button while the clinching is being performed, substantially as described. (2) An instrument for attaching buttons, substantially such as described, provided with means for pressing the head of a malleable tack, and having a recessed lip, *a*, for forcing and clinching its point through the eye of a button, for securing said button to a garment, substantially as specified."

We have carefully examined the numerous patents introduced to prove want of novelty in the Farnsworth and Barnes invention. Most of the prior patents relate to riveted fastenings where the button is held to the fabric by spreading the top of the rivet. Other patents relate to a flexible prong fastening, where the fingers are used. In the Robertson patent, No. 222,300, we find a tack, with a groove cut in it, which is bent over at an angle by meeting the closed top of the button, which it holds by this means. It is manifest that none of these prior patents contain the essential feature of the invention before us. Nowhere do we find the tack curved by a die so as to turn and clinch its end through and around the eye of the button.

The defendant also sets up non-infringement. A comparison of

the two devices, however, reveals the fact that the defendant has in-corporated into his machine the essence of the Farnsworth and Barnes invention, and that the mechanism he employs is substantially the same. In the patented machine the button is so situated that the tack goes forward to the clinching die on a line parallel with the flat side of the eye of the button. In the defendant's machine the button is so situated that the tack, in going forward to the clinching portion, is presented to the hole of the eye at right angles to the flat side of the eye, and therefore passes through the eye before reaching the clinching die. Merely changing the position of the button does not constitute, in our opinion, a material difference; nor can the fact that the tack first passes through the eye of the button before the process of bending or clinching begins, relieve the defendant of the charge of infringement of the first claim. This would be to give too narrow and technical a construction to the language of the claim.

Concerning the second claim, the defendant's machine clearly shows the same elements, or their equivalents, in combination. In relation to the tack, and for forcing and clinching its point through the eye of the button, the die of defendant's machine performs the same functions as the recessed lip or die which forms one of the elements of the second claim of the patent in suit.

The defendant contends that Barnes was the sole inventor of the improvements covered by the patent, and that it was not the joint invention of Farnsworth and Barnes, as stated in the patent, and that, therefore, the patent is void. There is much conflict of testimony on this question. Upon the record before us we cannot give much weight to the testimony of Barnes. Upon careful consideration, we do not think the defendant has established this point with sufficient clearness and certainty to overthrow the patent.

Decree for complainant.